■ 110 SAND Co., Plaintiff, v NASSAU LAND IMPROVEMENT Co., INC., et al., Respondents, TOWN OF BABYLON et al., Appellants, et al., Defendants. [650 NYS2d 36] —In an action to recover damages pursuant to a public improvement contract, (1) the defendant Town of Babylon appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), dated October 23, 1995, as, upon granting the motion of the defendant Nassau Land Improvement Co., Inc., for partial summary judgment, awarded the defendant Nassau Land Improvement Co., Inc., prejudgment interest in the sum of $192,641.98, and (2) the defendant Poly-Flex, Inc., appeals, as limited by its brief, from so much of the same order and judgment as denied its motion for leave to serve an amended answer and its cross motion for partial summary judgment against the defendant Nassau Land Improvement Co., Inc.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof which awarded the defendant Nassau Land Improvement Co., Inc., prejudgment interest in the sum of $192,641.98, and substituting therefor a provision granting prejudgment interest only from the date of the discharge of the liens to the date of entry of the order and judgment; as so modified, the order and judgment is affirmed insofar as appealed from, with one bill of costs to the appellant Town of Babylon payable by the respondents, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment in accordance herewith.

The appellant Town of Babylon contends that the Supreme Court erred in awarding the general contractor Nassau Land Improvement Co., Inc. (hereinafter Nassau Land) prejudgment interest from June 4, 1993. We agree. General Municipal Law § 106-b requires a public owner, such as the Town, to make prompt payment on all requisitions "less an amount necessary to satisfy any claims, liens or judgments against the contractor which have not been suitably discharged". At bar, it is undisputed that the Town failed to pay the requisition of Nassau Land dated June 4, 1993, for payment in the sum of $384,419.64. However, the record reveals that at least one subcontractor's lien had been filed against Nassau Land prior to the requisition date, and that shortly after the requisition was made, a second subcontractor filed a lien in the sum of $756,788.91. Moreover, by the time that Nassau Land submitted its final requisition in January 1994, liens in the sum of $1,759,338.94 had been filed against it. Since the liens filed against Nassau Land were not suitably discharged until in or about August 1995, Nassau Land's breach of contract cause of action accrued at that time, and the court erred in awarding Nassau Land prejudgment interest from the date of its first unfulfilled requisition (see, CPLR 5001 [b]).

We reject the contention of the appellant Poly-Flex, Inc., that the Supreme Court erred in denying its motion for leave to serve a supplemental answer asserting additional claims against the two sureties under the payment bond written in connection with the improvement project. Although leave to amend a pleading should be freely given (see, CPLR 3025 [b]), such a motion should be denied where, as here, the proposed amendment is devoid of merit (see, Capri v Power, 228 AD2d 461; Glorioso v DeBlasio, 227 AD2d 588). In this regard, we note that the payment bond required all suits or actions against the sureties to be commenced no later than one year after Nassau Land ceased work on the improvement contract. Since Nassau Land ceased work no later than June 1993, the additional claims of Poly-Flex, Inc., which were not asserted until January 1995, were barred under the terms of the payment bond.

Finally, we find that the court properly denied the cross motion of Poly-Flex, Inc., for partial summary judgment since questions of fact exist, inter alia, as to the hours of labor performed, and the quantity and value of the materials provided. Thompson, J. P., Joy, Krausman and Luciano, JJ., concur.